CASE 80.—ACTION BY ROBERTS, WICKS & CO. AGAINST J. WESLEY LEE TO RECOVER ON AN ACCOUNT FOR A BILL OF CLOTHING.—May 15.

# Roberts, Wicks & Co. v. Lee

Appeal from Mason Circuit Court.

J. P. HARBESON, Circuit Judge.

Judgment for defendant, plaintiff appeals. Affirmed.

Sales—Breach by Seller—Remedies of Purchaser—Damages— Where a manufacturer of clothing failed to deliver clothing sold to a retailer, who made diligent efforts to purchase other goods in the market after he was informed that the seller would not comply with his contract, but the retailer could not obtain them, he was entitled to recover the reasonable profits he could have made on the clothing if delivery had been made according to the contract, and also the increased market price of the goods from the time he purchased to the time they were to be delivered.

WORTHINGTON & COCHRAN for appellant.

1.  The measure of damages for breach of contract of sale of personal property of recognized general use is the difference between the contract price and the market value of the property at or near the place of delivery at the time of the breach.

2.  If the rule that profits on a re-sale of the property can be allowed as damages is to be applied, it must be because the goods sold cannot, by the exercise of due diligence, be obtained at the time of the breach, and in such cases it is error to instruct the jury to allow as damages the difference between contract price and market value and also reasonable profits on a re-sale of the goods.

3.  It is also error not to instruct the jury that before reasonable profits can be allowed as damages, the party must have

exercised due diligence to obtain the goods elsewhere at the time of the breach of the contract.

4. A verdict or judgment for reasonable profits, when allowed, must be based on existing facts. (Telephone Co. v. Wilson, 23 Ky. Rep. 97.)

THOS. R. PHISTER for appellee.

### POINTS AND AUTHORITIES.

Breach of contract of sale of personal property sold for resale at retail. Measure of damages. (Denhard vs. Hurst & Rogers, 23 Ky. L. R. 792; Campbellsville Lumber Co. vs. Bradley, 96 Ky. 498; Bluegrass Cordage Co. vs. Luthy & Co., 98 Ky., 586.)

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant is a manufacturer of men's and boy's clothing, located in Utica, N. Y. Appellee is a retail clothing merchant doing business in Maysville, Kentucky. During and prior to the year 1901 appellee was a customer of appellant. On the 1st of December, 1901, appellee was owing appellant a balance on an account which was not due until the 1st of April, the following year. Appellee having failed to pay the balance of the account, to wit, $609, this action was brought by appellant to recover that amount. Appellee answered, admitting the correctness of the account, and gave the following reasons why he had not paid same: That on or about the 1st of December, 1901, he had purchased from appellant's traveling salesman a bill of clothing, expressly selected for his spring trade, which was to be delivered at Maysville between the 1st and 10th of February, 1902. The amount he had agreed to pay for this bill was about $1,600, but a short time afterwards by agreement this bill was reduced about $51; a few articles being stricken from the original bill. Appellant only delivered articles named in the bill to the value of

$114. The balance of the goods purchased appellant failed and refused to deliver, and appellee alleged that he was damaged by such failure, and that it occurred in the following manner: That between the time he purchased the goods and the date on which they should have been delivered to him in Maysville the value of such goods had increased in the market at least 20 per cent., which amounted to about $320. He also averred that he was ready, able, and willing to comply with his part of the contract, and pay for the goods as agreed when delivered; that by reason of the failure to deliver the goods he was unable to sell them in the course of his business, or at all, and he was unable to supply his customers with the character of goods they desired and asked for, and he thereby lost all the profit he would have otherwise made, which he alleged, by an amendment, was at least 40 per cent., making $619; that appellant knew that he was a retail merchant and that he had purchased the goods to sell for a profit; that he did not learn or know that appellant intended to violate the contract until after the time it was to be performed. He further alleged that, although he made diligent efforts to obtain goods to take the place of those he had contracted with appellant for, it was too late in the season for him to do so. Appellant, by reply, denied that its agent sold appellee $1,600 worth of goods, and alleged that it was only $1,195, and controverted all the affirmative matter in the answer and counterclaim, and gave as a reason for not shipping the goods to appellee according to contract that it had a large account upon its books against him, which he had refused to pay. By consent of the parties the affirmative matter contained in the reply was controverted of record. The case was

tried before a jury and resulted in a verdict of $175 in favor of appellee.

The proof of appellee tends to show the truth of the allegations of his answer and counterclaim, and, if the jury had allowed him the full amount of the anticipated profits for which he could have sold the goods and the difference between the market price of the goods on the 1st of December and the 10 of February, the verdict in his favor would have been much larger. Considering all the evidence, the verdict seems large to us, but not to such an extent as warrants this court in disturbing the finding of the jury. The preponderance of the evidence was to the effect that appellee made diligent efforts, after he received information that appellant would not comply with its contract, to purchase other goods in the market to supply their place, but could not obtain them. See the cases of Blue Grass Cordage Co. v. Luthy & Co., 98 Ky. 583, 33 S. W., 835, 17 Ky. Law Rep., 1126; Bates Machine Co. v. Norton Iron Works, 68 S. W., 432, 25 Ky. Law Rep., 931; Tradewater Coal Co. v. Lee, etc., 68 S. W., 400, 24 Ky. Law Rep., 215; Telephone Co. v. Wisdom, 62 S. W. 529, 23 Ky. Law Rep., 97.

The court gave the jury the following instructions:

"(1) The court instructs the jury to find for plaintiff, Roberts, Wicks & Co., in the sum of $495.90, with interest from April 1, 1902, and the further sum of $114.50, with interest from October 1, 1902.

"(2) The jury will find for the defendant, Lee, such sum in damages as they believe from the evidence he has sustained by reason of the failure of plaintiff to furnish the goods purchased by Lee as of December 3, 1901, not exceeding in all the sum of $1,019.60.

"(3) The jury will then subtract the lesser from the greater, and find the balance in favor of that party to whom it may fall.

"(4) The jury, in fixing the damages to defendant, will find the difference between the contract price and the actual value of the goods at the place of delivery. They will also find as damages the reasonable profit that defendant would have made on the goods had they been delivered in accordance with the contract, not exceeding in all the sum of $1,019.60.

"(5) But, should the jury believe from the evidence that defendant, Lee, could after February 10, 1902, have purchased the goods in the open market, to sup-. ply the place of the undelivered goods, then they will: find. no damages as profits."

Appellant claims that the court erred in giving instruction number four, for the reason it allowed the jury to find for appellee the increased market price of the goods from the time he purchased to the time they were to be delivered, and the reasonable profit he would have made on the goods, had they been delivered in accordance with the contract. We are unable to understand why appellee is not entitled to both. Certainly he was entitled to the goods with their increased value at the time they should have been delivered under the contract; and, if by reasonable efforts he could not supply the place of the goods contracted for with appellant by the purchase of others or like goods in the market, and if he suffered a loss of profits by reason of not having the goods to sell, he was damaged by reason of that fact, and was entitled thereto. The court properly refused the instruction offered by appellant. There is no intimation in the evidence that the goods were sold upon the condition that they were not to be

delivered until appellee settled the balance of his existing account, and there was no claim that there was any such condition precedent until long after the goods should have been delivered. This balance of account owing to appellee was not due until some time after the date when these goods were to be delivered, as appears from a letter of appellant's treasurer, which reads as follows: "Utica, N. Y., March 18, 1902. Mr. J. Wesley Lee, Maysville, Kentucky—Dear Sir: While we are perfectly aware that your account is not yet due, we would appreciate it if you could send us a remittance for same, as we have obligations maturing this week which we must meet, and need all the funds we can collect. You will very greatly oblige us if you can favor us in this matter, and, to recompense you for anticipating on the account, we will allow you a special discount of one per cent. Yours very truly, Aras J. Williams, Treas." In addition to this, the proof shows that appellee was solvent and amply able to pay all his obligations.

For these reasons, the judgment of the lower court is affirmed.